Herbert A. CLARK, individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

MILWAUKEE COUNTY and Milwaukee County Department of Social Services, Defendants-Respondents.

Supreme Court

*No. 91–1296. Oral argument January 6, 1993.—Decided January 19, 1993.*

(Also reported in 493 N.W.2d 722.)

For the plaintiffs-appellants there were briefs filed by *Jeffery R. Myer* and *Legal Action of Wisconsin, Inc.,* and *Patricia M. Cavey* and *Legal Aid Society of Milwaukee, Inc.,* all of Milwaukee and oral argument by *Mr. Myer.*

For the defendants-respondents the cause was argued by *John F. Jorgensen,* principal assistant and *Robert G. Ott,* Corporation Counsel, all of Milwaukee.

PER CURIAM. District I certified the appeal in this case for our review and determination. The appeal was from the circuit court's order denying the plaintiffs' motion for partial summary judgment and the circuit court's grant, *sua sponte,* to Milwaukee County and its department of social services of an unrequested summary judgment dismissing the plaintiffs' complaint.

We accepted certification on June 2, 1992, and oral argument was held on January 6, 1993. The issues presented statutory interpretation questions of first impression and constitutional challenges concerning the administration of statutorily prescribed general relief programs by Milwaukee County.

Although this appeal came to us from a grant of summary judgment, nearly the entire oral argument focused on the practice of Milwaukee County with respect to its requirement that rental expense documentation be provided before the shelter allowance is paid. The parties differed sharply as to the practice, a fact material to the resolution of the issues presented. Consequently, the circuit court's grant of summary judgment was improper.

Accordingly, the order granting summary judgment is reversed and the case is remanded to the circuit court for Milwaukee County for resolution of the factual issue specified herein and any other disputed fact material to the resolution of the issues presented and for further proceedings necessitated by that resolution. In the absence of an agreement as to any disputed facts material to the resolution of the issues presented, the circuit court is directed to set the case for trial to be held within 60 days of the date of this order.

*By the Court.*—Order reversed, case remanded for further proceedings.